WESTERN RESERVE TELEPHONE COMPANY, APPLICATION, IN RE.

Public Utilities Commission.

No. 27177.   Decided May 29, 1958.

Mr. George McConnaughey, Jr., for The Western Reserve Telephone Company, Applicant.

Mr. Ernest R. Genovese, of Messrs. Weick, Genovese & Schreiner, for the municipalities of Aurora, Boston Heights, Hiram, Hudson, Northfield, Peninsula, Stow, Twinburg and Reminderville, Protestants.

Mr. William Saxbe, attorney general, by Mr. James F. DeLeone, assistant attorney general, for The Public Utilities Commission of Ohio.

### Finding and Order

The Commission coming now to consider the above entitled Application and the exhibits attached thereto; the matters contained in the Report of the Secretary, issued pursuant to the provisions of Section 4909.19, Revised Code; the testimony and exhibits, including the Recommendation and Stipulation filed herein, adduced at the public hearings held on April 10, 1958; the adjusted pro forma Income Statement; and, being otherwise fully advised in the premises and in compliance with Section 4903.09, Revised Code, hereby renders the following opinion:

*Nature of the Proceeding—*

The Applicant, The Western Reserve Telephone Company, seeks to increase its rates and charges and to revise its tariffs by withdrawing P. U. C. O. No. 2 and P. U. C. O. No. 5 and filing its P. U. C. O. No. 3.

*History of Proceedings—*

On August 21, 1957, Applicant, The Western Reserve Telephone Company, filed its Application herein to increase its rates and charges and to revise certain of its tariffs above-designated.

With said Application, Applicant filed a Motion requesting approval of the use of December 31, 1956, as the date certain and the use of the year 1956 as the test period for accounting, the approval of the form of legal notice and approval of the use of a valuation of Applicant's plant and property by trending the surviving dollars remaining in the last rate proceeding and adding thereto trended gross additions. A hearing was held on said Motion pursuant to assignment on September 13, 1957. The only appearance entered at that time was an appearance on behalf of said Applicant. On October 11, 1957, by Entry, the Commission granted said Motion in its entirety.

Publication and service of notices of the filing of said Application, Report of the Secretary of the Commission, and hearings with respect thereto were made as required by law and the orders of this Commission.

Within thirty days after the filing of said Secretary's Re-

port, objections were filed by and on behalf of the Villages of Stow, Aurora, Boston Heights, Hiram, Twinsburg, Hudson, Northfield, Reminderville and Peninsula, Ohio.

Hearing on the merits of said Application was assigned for April 10, 1958, and said hearing was had pursuant to this assignment.

*Commission Discussion*—

At the opening of the hearing on the merits, counsel for the Villages who had filed exceptions to the Secretary's Report and counsel for the Applicant read into the record and filed with this Commission Joint Exhibit No. 1, a Stipulation and Recommendation by said parties which reads as follows:

*"Stipulation and Recommendation*

"To the Honorable

The Public Utilities Commission of Ohio:

"Now comes The Western Reserve Telephone Company, the applicant herein, and the municipalities of Aurora, Boston Heights, Hiram, Hudson, Northfield, Peninsula, Stow, Twinsburg and Reminderville, protestants herein and such other political subdivisions, if any, as may execute this Stipulation and Agreement, and stipulate and agree as follows:

"1. This Stipulation and Recommendation shall be filed in the foregoing case and by its filing each of the parties hereto offers it in evidence. The parties recognize that the Commission is not bound by the stipulations, agreements or recommendations of the parties.

"2. This Stipulation and Recommendation is made for the purposes of this case only. By its execution each party agrees that facts so stipulated and agreed upon shall not be deemed to be admitted or agreed upon in any other case, under any other circumstances or for any other purposes.

"3. The parties stipulate and recommend that the Commission fix, determine and approve rates and charges which will produce, at the station level of December 31, 1956, estimated additional annual revenue of $145,384.80 instead of $164,-740.80 and order the Company to file Schedule Sheets accomplishing this result, said Schedule Sheets to be in accordance with the attached exhibit which is made a part hereof.

"It is recommended that this Commission enter an order

upon the law and the evidence embodying findings in accordance with the foregoing.

"In Witness Whereof the parties have executed this Stipulation and Recommendation this 9th day of April, 1958.

> "The Western Reserve Telephone Company
> By: /s/ George C. McConnaughey, Jr.
> Its Attorney
> Of Counsel:
> McConnaughey, McConnaughey & Stradley
> 50 West Broad Street, Columbus, Ohio

"Municipalities of:
Aurora, Ohio
Boston Heights, Ohio
Hiram, Ohio
Hudson, Ohio
Northfield, Ohio
Peninsula, Ohio
Stow, Ohio
Twinsburg, Ohio
Reminderville, Ohio

> By: /s/ Ernest R. Genovese
> Their Attorney
> Of Counsel:
> Weick, Genovese & Schreiner
> 1910 First National Tower
> Akron 8, Ohio"

As the parties to the Stipulation and Recommendation state, they cannot by agreement bind this Commission. The Commission is of the opinion, however, that such Stipulation and Recommendation should be accorded such favorable consideration as may be reasonable in light of the facts contained in the record of this case and the application of the established principles of law thereto.

The Stipulation and Recommendation establishes that the Applicant has agreed to accept and the Villages have agreed not to oppose, for purposes of this case, the approval of rates and charges, which will, at the station level of December 31, 1956, produce an estimated increase in the annual local service

revenues of $145,384.80 in lieu of the $164,740.80 shown in the Secretary's Report as the additional local service revenues to be derived by applying the proposed rates which were filed with said Application.

### Rate Base

The Applicant submitted with its Application a valuation of its plant and property as of December 31, 1956, derived by trending surviving dollars remaining in the valuation made September 30, 1949, of The Western Reserve Telephone Company, by the Commission's Staff in Case No. 21,342 and on June 30, 1954, as to the property of the West Richfield Telephone Company, these Companies being merged and constituting the property of the Applicant. The depreciated reproduction cost new valuation thereof, as estimated in the above manner and set forth in the Application, may be summarized as follows:

| | |
|---|---|
| Reproduction Cost New | $4,758,254.57 |
| Less Existing Depreciation (9.88%) | 470,232.69 |
| R. C. N. L. D. | $4,288,021.88 |
| Allowance for Working Capital and for Material and Supplies | 104,044.33 |
| Recommended Rate Base | $4,392,066.21 |

The Commission's Engineering Staff's independent investigation disclosed that Applicant's R. C. N. valuation as of December 31, 1956, should be adjusted by the addition of $12,617.92. The reason for this adjustment is explained as follows in the Report of the Secretary in the findings of the Engineering Staff:

"* * * In more detail, this Company took a valuation of the old Western Reserve Telephone Company made by the Commission staff as of December 31, 1949 and by approved methods trended to December 31, 1956 the valuation of property covered by Accounts No's 207, 212, 221, 241, 242, 243, 244 and 261. For the West Richfield Telephone Company properties which were

merged with those of Western Reserve in July 1956, it applied the same procedure to the same accounts basing the work on a valuation likewise made by the staff of the Commission as of July 1, 1956. The two sets of figures were combined to become the stated R. C. N. values for the properties in these accounts. For the other Accounts, namely, No's 211, 231, 232, 233, 234, 235, 264-A and 264-B, the Company took book values established by the Commission as of the time of the merger of the two companies and trended them up to December 31, 1956.

"It is our considered opinion that the method used in establishing the values for this latter set of accounts was improper and resulted in incorrect values. We have therefore applied to Accounts No's 211, 231, 232, 233, 234, 235, 264-A and 264-B the same methods and procedures that were used by the Company for Accounts No's 207, 212, 221, 241, 242, 243, 244 and 261, and by adding the results as obtained to the values obtained by the Company for the latter group, the derivation of which we have verified, we have developed the Reproduction Cost New values * * *."

It should be noted at page 100 of the transcript, Mr. Paul Hampton, the Chief Engineer of this Commission, stated that the valuation of the West Richfield Telephone Company, used as a basis for trending, was made by the Staff of this Commission as of July 1, 1954, rather than July 1, 1956, as stated in the Secretary's Report. This corrects the inadvertent error which appears in the statement, supra.

The Commission's Engineering Staff further found that existing depreciation on Applicant's plant and property amounted to 10.98%, or $523,780.26, upon the Staff's estimated R. C. N. valuation of that property as of December 31, 1956. This was a 1.10% reduction in the percent condition estimated by the Applicant and by application to the enhanced valuation determined by the Commission's engineers, results in an increase in existing depreciation, over that shown by Applicant, of $53,547.57. No change was made in allowance for working capital by the Staff. The Engineering Staff's recommended valuation estimates of January 1, 1956, may be summarized as follows:

| | |
|---|---:|
| Reproduction Cost New | $4,770,872.49 |
| Less Existing Depreciation (10.98%) | 523,780.26 |
| R. C. N. L. D. | $4,247,092.23 |
| Allowance for Working Capital and Materials and Supplies | 104,044.33 |
| Total Recommended Rate Base | $4,351,136.56 |
| Company's claimed Rate Base | $4,392,066.21 |
| PUCO Staff Recommended Rate Base | 4,351,136.56 |
| Differentiation | $ 40,929.65 |

The difference in dollar amount between the two valuations is due principally to the greater amount estimated by the Commission Engineers for existing depreciation of Applicant's plant and property.

The Engineering Staff, in their recommended rate base, added to the R. C. N. L. D. valuation of December 31, 1956, an allowance of $104,044.33 for working capital, materials and supplies. Federal Income Tax and other tax accruals will more than offset this allowance, even considering the $31,881.50 previously deducted by the Engineers for Federal Income Tax Accruals, thereby eliminating the $104,044.33 for working capital from the rate base. *City of Cincinnati* v. *PUCO*, 161 Ohio St., 395.

The Commission is of the opinion, and so finds herein, that the ascertained rate base, for purposes of this proceeding, is the reproduction cost new less existing depreciation valuation of Applicant's plant and property recommended by the Commission's Engineers in the amount of $4,247,092.23.

### Rate of Return

Applicant's Witness Murphy testified that the fair rate of return should be 7.2% based upon a composite cost of capital to The Western Reserve Telephone Company as of December 31, 1956 of 7.2%.

However, on the basis of the Applicant's expenses as con-

tained in the Adjusted Pro Forma Income Statement, to which, after notice was given, no objection was made by either party, and giving consideration to proposed revenues per the Recommendation and Stipulation, the arithmetic rate of return on the rate base found herein would be 6.05%.

The Commission, after giving due consideration to the earnings requirements of this Applicant utility having a hypothetical component capitalization equivalent to the ascertained statutory rate base valuation of $4,247,092.23, determines and finds that such rate of return is not excessive, unlawful or unreasonable for the purposes of this case.

### Return

Application of the rate of return of 6.05%, as set forth above, to the Statutory Rate Base Valuation of $4,247,092.23 yields Applicant an annual return of $257,062.36, which yearly net compensation for the utility service proposed to be rendered is found by the Commission herein not to be unreasonable or inadequate for the purposes of this case.

### Expenses

*A. Expenses other than Federal Income Taxes.*

The Commission finds Applicant's operating expenses, for the purposes of this rate proceeding, to total $733,468.90. The principal difference between the expenses found herein and expenses shown in Applicant's Exhibit C-1 of $752,843.58, excluding Federal Income Taxes, is a decrease of $18,472.70 in depreciation accruals. The Engineering Staff recommended in the Secretary's Report the proper annual accruals for depreciation for this utility to aggregate $115,304.59 instead of $133,-779.29 as proposed by the Application. In this recommended determination of annual depreciation accruals the Engineering Staff had taken into consideration that the stated book value had been adjusted upwards by the Commission in its Order No. 26,704 while the composite percentage of depreciation accruals recommended by the Engineering Staff is higher than the Applicant's it will be noted that the aggregate amount of depreciation accruals is lower than that proposed by the Applicant due to use of actual book figures rather than adjusted book balances reflected by Commission adjustment on the merger.

*B. Federal Income Taxes*

The Commission finds the income taxes at the level of rates herein determined and ordered to be $184,351.04.

### Required Revenues

The Commission finds, after taking into consideration the Recommendation and Stipulation, filed herein, the Applicant's operating expenses, allowance for fixed charges and allowance for Federal Income Taxes, such rates and charges to be just and reasonable for the utility services rendered by the Applicant as will yield annual gross revenues of $1,174,882.30, said gross revenues affording Applicant an annual net return or "income for fixed charges" of $257,062.36, which return the Commission determines to represent a yearly reasonable compensation for the telephone services proposed to be rendered by Applicant under the facts of this proceeding. This determination may be summarized for illustrative purposes as follows:

| | |
|---|---|
| Expenses other than Federal Income Taxes | $733,468.90 |
| Federal Income Tax | 184,351.04 |
| Annual Net Return | 257,062.36 |
| Total of Annual Gross Revenues | $1,174,882.30 |

*Ultimate Findings—*

From the testimony of record, the Commission makes the following ultimate Findings:

(1) That this Application is filed pursuant to, and this Commission has jurisdiction thereof under, the provisions of Sections 4909.17, 4909.18 and 4909.19, Revised Code;

(2) That the investigation required of the Commission by the provisions of aforesaid Section 4909.18, Revised Code, has been duly made, and the Report thereof has been filed and served as required by said statute;

(3) That the Applicant's Statutory Rate Base for the purposes of this case is $4,247,092.23;

(4) That the fair annual rate of return on said Statutory Rate Base is 6.05% which is not unreasonable, excessive or unlawful for the purposes of this case;

(5) That the dollar annual return to which the Applicant is entitled for the purposes of this case is $257,062.36;

(6) That the dollar amount of the cost for Applicant to render its utility services or its annual expenses for the purpose of this case are, with the inclusion of Federal Income Taxes, $917,819.94;

(7) That the allowable gross annual revenues for the purpose of this case are $1,174,882.30;

(8) That existing rates now being charged and collected by said Applicant in the territory served by it for local service are insufficient to provide it with an adequate return on its property used and useful in the furnishing of such service; and

(9) That the proposed rates and charges set forth in all the proposed schedule sheets included in Company Exhibit 7 offered and admitted at said hearing, which the Applicant seeks to make part of its tariff, are not unjust, unreasonable or excessive and will not provide the Applicant with a return in excess of that to which it is entitled upon the value of its property used and useful in the furnishing of telephone service in its service area.

It is, therefore,

Ordered, That Applicant, said The Western Reserve Telephone Company, be, and hereby it is, authorized to file all the schedule sheets in Company's Exhibit 7, as hereinabove approved. It is further

Ordered, That the rates shall be effective at the first billing date after the date of this Order.

The Public Utilities Commission of Ohio

Entered in the Journal: Everett H. Krueger, Jr., Chairman
May 29, 1958 Ralph A. Winter
A true copy: Edward J. Kenealy
W. E. Herron Commissioners
W. E. Herron, Secretary